IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT JAMES POOLEY,
    Petitioner,

vs.                                          Case No.:  3:05cv77/RV/EMT

JAMES v. CROSBY, JR.,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Pending is Respondent's motion to dismiss premised upon Petitioner's failure to satisfy the "in custody" requirement of section 2254, as well as an answer contending the habeas petition should be denied on the merits (Doc. 11).  Although Petitioner was directed to respond to the motion and answer (*see* Doc. 13), he declined to do so.

        This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed for lack of jurisdiction; alternatively, the petition should be denied on the merits.

        On April 20, 1999, in the Circuit Court for Escambia County, Florida, Petitioner entered pleas of nolo contendere in three separate cases to four counts of sexual battery on a child less than twelve years of age by a person less than eighteen years of age, and one count of committing a lewd and lascivious assault upon a child (Doc. 11, Exs. A, B, C).  That same day, the trial court pronounced a downward departure sentence of thirty-five (35) years of incarceration, suspended, and two (2) years of community control to be followed by twenty (20) years of probation (*id.*, Ex. B at 39, Ex. D).  The State made an *ore tenus* motion that the court find that Petitioner qualified as a sexual predator, and designate him as such (*id.*, Ex. B at 26-27).  The court took the motion under advisement (*id*. at 27).

On April 26, 1999, Petitioner filed a motion to modify sentence (Doc. 11, Ex. E). On June 25, 1999, the state court granted the motion and modified Petitioner's sentences to youthful offender sentences, pursuant to Florida Statutes section 958.04, whereby Petitioner was sentenced to a total of two (2) years of community control to be follow by four (4) years of probation (Doc. 11, Ex. F).

On March 8, 2000, Petitioner's community control was revoked, and he was sentenced as a youthful offender to two (2) years of incarceration, with credit for 387 days time served, to be followed by six (6) months of community control and then three and one-half (3 ½) years of probation (Doc. 11, Exs. G, H).

On March 26, 2002, Petitioner's probation was revoked, and he was sentenced as a youthful offender to six (6) years of incarceration, with credit for time served (Doc. 11, Exs. I, J, K). Petitioner appealed the revocation and sentence to the Florida First District Court of Appeal ("First DCA"), but then voluntarily dismissed the appeal (Doc. 11, Exs. L, M).

On November 15, 2002, the State filed a motion for an order finding that Petitioner qualified as a sexual predator, pursuant to Florida Statutes section 775.21 (Doc. 11, Ex. N). Petitioner, through counsel, sought dismissal of the motion on the following grounds: (1) the State failed to timely appeal the trial court's failure to designate Petitioner as a sexual predator at his sentencing or re-sentencing, in violation of Rule 1.420(b) of the Florida Rules of Civil Procedure, and (2) the matter was subject to dismissal for failure to prosecute, pursuant to Rule 1.420(e) of the Florida Rules of Civil Procedure (*see* Doc. 11, Exs. P, T). Following a hearing, the trial court denied Petitioner's motion to dismiss and granted the State's motion on the following grounds: (1) the trial court had never ruled on the State's original motion for Petitioner's designation as a sexual predator, thus there was not a court order subject to appeal under Rule 1.420(b), (2) the court had jurisdiction to designate Petitioner as a sexual predator, despite the three-year gap between sentencing and the State's renewed motion, and (3) Petitioner met the statutory criteria for designation as a sexual predator (*see* Doc. 11, Ex. T at 158-62, Ex. U). Petitioner appealed the order to the First DCA on the ground that the trial court lacked jurisdiction to enter the order designating Petitioner a sexual predator, in violation of Section 9 of the Florida Constitution and the Fifth and Fourteenth Amendments of the United States Constitution, because the State failed to prosecute its original motion within the time constraints of state procedural rules (*see* Doc. 11, Ex. Z). The First DCA affirmed the trial court per curiam without opinion on April 8, 2004, with the mandate issuing April 26, 2004 (Doc. 11, Ex. BB).

Petitioner filed the instant federal habeas petition on February 24, 2005 (*see* Doc. 1 at 6). He challenges the state court decision designating him a sexual predator on the same ground raised in the direct appeal of the trial court's order (*id.* at 4). Respondent contends the instant petition is

subject to dismissal because Petitioner does not meet the "in custody" requirement of Section 2254 (*see* Doc. 11 at 5-7). Additionally, Respondent argues Petitioner failed to present a federal claim to this Court or to the state court (*id*. at 10-17). Finally, Respondent contends Petitioner's claim is without merit because the state court had jurisdiction under state law to enter the order designating him a sexual predator (*id*. at 17-18).

II.   STANDARD OF REVIEW

Section 2254(a) of Title 28 provides, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for federal habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19.

Section 2254 now provides:

(d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
  (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
  (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (West Supp. 2001).

The United States Supreme Court explained the framework of review under § 2254(d)(1) in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).[1] The appropriate test in habeas cases was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as

---

[1] Unless otherwise noted, references to <u>Williams</u> are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-375, 390-399, 120 S.Ct. at 1499-1503, 1511-1516); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and –-except as to the footnote – Scalia) in part II (529 U.S. at 403-413, 120 S.Ct. at 1518-1523). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

>determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13; Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d 125 (2000).

In deciding whether a state court decision involved "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding" under § 2254(d)(2), determinations of fact are "presumed to be correct," unless the presumption is rebutted by Petitioner "by clear and convincing evidence." § 2254(e)(1); *see* Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003); Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001), *cert. denied*, 535 U.S. 1104, 122 S.Ct. 2310, 152 L.Ed.2d 1065 (2002) (quoting 28 U.S.C. § 2254(e)(1)); Parker v. Head, 244 F.3d 831, 835-36 (11th Cir. 2001) (citing § 2254(d)(2) and (e)(1)); *see also* Crawford v. Head, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides a "highly deferential standard of review" of the state court's factual determinations). Although Williams set forth the Supreme Court's interpretation of § 2254(d)(1), not § 2254(d)(2), the Court subsequently enunciated the § 2254(d)(2) standard:

>Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2); see also Williams, 529 U.S. at 399, 120 S.Ct. 1495 (opinion of O'CONNOR, J.).

Miller-El, 537 U.S. 322, 123 S.Ct. at 1041 (dicta).

The Eleventh Circuit has developed a three-step process for applying the Williams test to any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding. *See* Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002); Robinson v. Moore, 300 F.3d 1320, 1343-45 (11th Cir. 2002). First, the court must ascertain the controlling legal principles that are clearly established by the Supreme Court at the time of the state court adjudication. Wellington, 314 F.3d at 1260; Robinson, 300 F.3d at 1343. Second, the court must determine whether the state court adjudication was contrary to the clearly established Supreme Court law. Wellington, 314 F.3d at 1260, Robinson, 300 F.3d at 1344. "The 'contrary to' clause in § 2254(d)(1) 'suggests that the state court's decision must be substantially different' from the relevant Supreme Court precedent." Wellington, 314 F.3d at 1260 (quoting Fugate, 261 F.3d at

1216 (quoting Williams, 529 U.S. at 405)). "Although a state court's decision that 'applies a rule that contradicts' the governing Supreme Court law is 'contrary,' a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." Wellington, 314 F.3d at 1260 (citing and quoting Williams, 529 U.S. at 404-06). If the state court applied the correct Supreme Court precedent, and the United States Supreme Court, faced with materially indistinguishable facts, has not reached a decision different from the decision reached by the state court in the petitioner's case, the case does not fit within the "contrary to" clause, and the federal habeas court must proceed to the third step and determine whether the state court "unreasonably applied the relevant Supreme Court authority." Fugate, 261 F.3d at 1216. Likewise, if the facts of the Supreme Court cases and the petitioner's case are not substantially similar, "a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." *Id.* (citing and quoting Williams, 529 U.S. at 406). A state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002).

  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 410. The Supreme Court has explained that "a federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002) (quoting Williams, 529 U.S. at 411). Indeed, "[t]he gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003). A state court's incorrect application of clearly established law will be held to be reasonable and not warrant a writ unless "thorough analysis by a federal court produces a firm conviction that that [the state court] judgment is infected by constitutional error." Williams, 529 U.S. at 389. "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." Yarborough v. Alvarado, 541 U.S. 652, 124 S.Ct. 2140, 2149, 158 L.Ed.2d 938 (2004) (citation omitted). Although § 2254(d)(1) is concerned only with federal law as clearly established by the Supreme Court, this Court may look

to circuit precedent to demonstrate reasonable applications of Supreme Court precedent. Van Poyck v. Fla. Dep't of Corrections, 290 F.3d 1318, 1322 n. 4 (11th Cir. 2002).

III.   ANALYSIS

Initially, this Court will address Respondent's claim that Petitioner does not meet the "in custody" prerequisite for federal habeas corpus jurisdiction. Respondent argues a habeas petitioner must be incarcerated by reason of the state court judgment being challenged in the petition at the time it was filed in order to satisfy the "in custody" requirement. At the time Petitioner filed the instant petition, he was in custody only by reason of the judgment of conviction and sentence entered by the state court on March 26, 2002, not by reason of his designation as a sexual predator. Furthermore, Petitioner is not challenging his conviction or sentence in his habeas petition, rather, he challenges only his sexual predator designation. Therefore, Respondent argues, the "in custody" requirement is not satisfied.

On the first page of Petitioner's habeas petition, he identifies several dates and judgments as the judgment he seeks to attack in this habeas action, including April 20, 1999, the date of his original conviction and sentence; March 26, 2002, the date of revocation of his probation and resulting sentence; and January 10, 2003, the date he was designated a sexual predator (*see* Doc. 1 at 1). However, the sole ground for relief asserted in his petition is the invalidity of his designation as a sexual predator (*id*. at 4).

In Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court considered a situation in which a prisoner filed a Section 2254 petition listing as the "'conviction under attack'" a 1958 state conviction for which he had already served the entirety of his sentence. 490 U.S. at 489-490, 109 S.Ct. 1923. The petitioner also alleged that the 1958 conviction had been "used illegally to enhance his 1978 state sentences" which he had not yet begun to serve because he was at that time in federal custody on an unrelated matter. *Id.* The Court determined that the petitioner was "in custody" on his 1978 sentences because the State had lodged a detainer against him with the federal authorities. *Id.* at 493, 109 S.Ct. 1923. The Court held that the petitioner was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence. *Id.* at 492, 109 S.Ct. 1923. However, the Court acknowledged that because his § 2254 petition "[could] be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction, . . . respondent [the habeas petitioner] . . . satisfied the 'in custody' requirement for federal habeas jurisdiction." *Id.* at 493-494, 109 S.Ct. 1923.

Similarly, in Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401-02, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), the habeas petitioner was currently serving a sentence for a 1990

conviction and alleged that his prior convictions in 1986, for which he was no longer serving a sentence, were unconstitutional and may have affected his current sentence. The Court held that the petitioner could not bring a federal habeas petition directed solely at the 1986 convictions. *Id.* at 401. However, his Section 2254 petition could be construed as asserting a challenge to the 1990 sentence which he was currently serving, on the ground that the current sentence was enhanced by the allegedly invalid prior conviction. *Id.* Therefore, the "in custody" requirement was satisfied. *Id.* at 402.

In the instant case, Petitioner does not allege that the sexual predator designation was a necessary predicate to the sentence imposed in 2002, which he was serving at the time he filed this habeas petition; that the designation was positively and demonstrably related to the 2002 sentence; or that the sentence was in any way enhanced or affected by the sexual predator designation. Thus his petition cannot be construed as challenging the 2002 judgment, under which he was incarcerated at the time he filed this habeas action. Because his petition is directed solely at his sexual predator designation, under which he was <u>not</u> in custody at the time he filed his habeas petition, he does not satisfy the "in custody" requirement of Section 2254.

Even if this Court construed the instant petition as challenging Petitioner's 2002 sentence on the ground that it was somehow enhanced based on his allegedly unconstitutional designation as a sexual predator, thereby satisfying the "in custody" requirement, Petitioner is not entitled to review of his claim because he has failed to show that his 2002 sentence was actually enhanced by his subsequent designation as a sexual predator.[2] *See* <u>Lackawanna County District Attorny v. Coss</u>, 532 U.S. 394, 408, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (even though habeas petitioner satisfied "in custody" requirement, he did not qualify to have his § 2254 petition reviewed because the 1990 sentence he was challenging, under which he was presently incarcerated, was not actually affected by the allegedly unconstitutional prior convictions for which he was not presently incarcerated).

Additionally, Petitioner faces another jurisdictional obstacle, as he has failed to state a federal constitutional claim. As discussed *supra*, Section 2254(a) provides, ". . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court <u>only on the ground that he is in custody in violation of the Constitution or laws of the United States</u>." (Emphasis added). As Respondent points out, federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); <u>Wainwright v. Goode</u>, 464

---

[2]Moreover, if the instant petition were construed as challenging Petitioner's 2002 sentence imposed upon revocation of his probation, his petition would be subject to dismissal as moot, as Petitioner notified the court that he has been released from incarceration (*see* Doc. 16). *See* <u>Spencer v. Kemna</u>, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983). Thus, "state courts are the ultimate expositors of state law," and federal courts must therefore abide by their rulings on matters of state law. Mullaney v. Wilbur, 421 U.S. 684, 691, 95 S.Ct. 1881, 1886, 44 L.Ed.2d 508 (1975) (citations and footnote omitted); Carrizales, 699 F.2d at 1055.

In the instant case, although Petitioner referred to the Due Process Clause in both the instant petition and in his brief to the state court, he discussed his claim only with reference to state law issues. Furthermore, the issue of whether the trial court had jurisdiction to designate Petitioner a sexual predator after sentencing is a matter of state law. *See* Gasquet v. Lapeyre, 242 U.S. 367, 369, 37 S.Ct. 165, 166, 61 L.Ed. 367 (1917) (". . . there is nothing in the clauses of the 14th Amendment guaranteeing due process and equal protection which converts an issue respecting the jurisdiction of a state court under the Constitution and statutes of the state into anything other than a question of state law.") (citations omitted). Absent an overriding constitutional concern, the manner in which the state judicial system interprets its statutes is not subject to federal habeas review. Armenia v. Dugger, 867 F.2d 1370, 1376 (11th Cir.), *cert. denied*, 493 U.S. 829, 110 S.Ct. 96, 107 L.Ed.2d 60 (1989). Petitioner has failed to identify an overriding constitutional concern which renders his claim subject to federal review. He does not dispute that he was convicted of a sex crime that qualified him for designation, nor does he dispute that he received a hearing and was represented by counsel before the court made the designation. Therefore, he has failed to establish a basis for federal review of his claim.

Even if Petitioner overcame the jurisdictional hurdles of Section 2254, he is not entitled to relief. The Florida Sexual Predators Act ("the Act") provides, in relevant part:

**(4) Sexual predator criteria.--**

(a) For a current offense committed on or after October 1, 1993, upon conviction, an offender shall be designated as a "sexual predator" under subsection (5), and subject to registration under subsection (6) and community and public notification under subsection (7) if:

1. The felony is:

a. A capital, life, or first-degree felony violation, or any attempt thereof, of s. 787.01 or s. 787.02, where the victim is a minor and the defendant is not the victim's parent, or of chapter 794, s. 800.04, or s. 847.0145, or a violation of a similar law of another jurisdiction;

. . . .

    2. The offender has not received a pardon for any felony or similar law of another jurisdiction that is necessary for the operation of this paragraph; and

    3. A conviction of a felony or similar law of another jurisdiction necessary to the operation of this paragraph has not been set aside in any postconviction proceeding.

. . . .

    **(5) Sexual predator designation.--**An offender is designated as a sexual predator as follows:

. . . .

    (b) If a sexual predator is not sentenced to a term of imprisonment, the clerk of the court shall ensure that the sexual predator's fingerprints are taken and forwarded to the department within 48 hours after the court renders its written sexual predator finding. The fingerprint card shall be clearly marked, "Sexual Predator Registration Card." The clerk of the court that convicts and sentences the sexual predator for the offense or offenses described in subsection (4) shall forward to the department and to the Department of Corrections a certified copy of any order entered by the court imposing any special condition or restriction on the sexual predator which restricts or prohibits access to the victim, if the victim is a minor, or to other minors.

. . . .

Fla. Stat. § 775.21.

    The Act clearly conferred jurisdiction upon the trial court to designate Petitioner a sexual predator. It is undisputed that Petitioner met the statutory criteria for designation as a sexual predator by virtue of the nature of the crimes for which he was originally convicted and sentenced. Furthermore, he was not originally sentenced to a term of imprisonment. The Act does not limit the court's jurisdiction to designations at sentencing. Indeed, Florida courts have held that the designation of sexual predator may be made at any time, even post-sentencing. *See* Moore v. State, 880 So.2d 826, 828-29 (Fla. 1st DCA 2004) (time limit set forth in state procedural rule governing modification of criminal sentence did not apply to post-sentence designation under Florida Sexual Predators Act); Collie v. State, 710 So.2d 1000, 1006 (Fla. 2d DCA 1998) (same); Gonzalez v. State, 808 So.2d 1265 n.1 (Fla. 3d DCA 2002) (rejecting as non-meritorious defendant's claim that the trial court lacked authority to designate him a sexual predator because the determination was not made contemporaneous to his initial sentencing); Pisarri v. State, 724 So.2d 635 (Fla. 5th DCA 1998) (fact that thirteen months passed between defendant's sentencing and court's determination that he was a sexual predator would not, alone, make court's determination erroneous); Walker v. State, 718 So.2d 217, 218 (Fla. 4th DCA 1998) (Florida Sexual Predators Act allows trial courts to designate offenders as sexual predators after they have been sentenced for the current offense). Because the

trial court acted within its jurisdiction in designating Petitioner a sexual predator, even after sentencing, Petitioner's due process claim fails.  Thus, the state court decision was not contrary to or an unreasonable application of Supreme Court law.

For the foregoing reasons, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 11) be **GRANTED**, and the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** for lack of jurisdiction.

2. Alternatively, that the habeas petition be **DENIED** on the merits.

At Pensacola, Florida, this 4th day of October 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**